# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLEMS FARMS, INC., | CASE NO. CV F 08-0616 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS BREACH OF WARRANTY CLAIM** (Doc. 9.) |
| vs. | |
| BASF CORPORATION, | |
| Defendant. / | |

## INTRODUCTION

Defendant BASF Corporation ("BASF") seeks to dismiss plaintiff Willems Farms, Inc.'s ("Willems Farms") claim that BASF breached its written warranty for its fungicide which allegedly damaged Willems Farms' blueberry crop. Willems Farms contends that it has properly alleged its breach of written warranty claim and that BASF wrongly attempts to disclaim its warranty. This Court considered BASF's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the July 7, 2008 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court this Court DISMISSES with leave to amend Willems Farms' breach of written warranty claim.

# BACKGROUND

## BASF's Warranty Disclaimers

BASF manufactures and distributes agricultural fungicides, including Pristine, which controls fungus on blueberries. Willems Farms is a Fresno County farming operation. In March 2007, Willems Farms applied Pristine to its blueberry fields and claim damage to their blueberry bushes and production loss.

The label of Pristine includes a "Conditions of Sale and Warranty" section which provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. TO THE EXTENT PERMITTED BY LAW, BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

## Willems Farms' Breach Of Written Warranty Claim

Willems Farms proceeds on its original complaint to allege that Pristine was "defective and unsafe for its intended purposes in that it caused damage to the blueberry fields and prevented them from properly pollinating, and caused defective growth in the blueberries, thereby decreasing size of each fruit, and the quantity of production." BASF challenges the complaint's (fourth) breach of written warranty cause of action that BASF breached the written warranty of Pristine's label that "Pristine is fit for its intended use as a fungicide on blueberries." The cause of action further alleges that when BASF "produced the label, expressing the written warranty, it knew or should have known that it failed to test the Pristine in California on blueberries grown in the San Joaquin Valley." The cause of action continues that BASF "indicated, both directly, and by implication on its label that sufficient testing in California on blueberries had taken place, when in fact the truth of the matter was that no testing or limited testing on blueberries had occurred in California in the San Joaquin Valley." The complaint alleges that BASF's breach of warranty resulted in inadequate crops "both in yield and size of berry, and

quality of berry," damage from lack of blueberry packing and storage, loss of foreign and domestic markets, and lost future blueberry production.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

BASF seeks F.R.Civ.P. 12(b)(6) dismissal of the (fourth) breach of written warranty cause of action. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

1  S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

2  In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). As such, this Court may consider the Pristine label attached to Willems Farms' complaint.

## Scope Of Pristine Warranty

BASF contends that the complaint alleges no breach of the Pristine written warranty. BASF argues that it "warranted only that Pristine conformed to the chemical description on its label and that Pristine was effective at controlling fungus." BASF contends that the Pristine label "explicitly stated that BASF was not responsible for the risk of 'crop injury' associated with use of Pristine." According to BASF, Willems Farms assumed the risk of "reduction in yield and quality of fruit . . . as part of the sale of Pristine."[1] BASF concludes that its warranty did not extend to the types of injury and damages alleged in Willems Farms' breach of written warranty claim.

Willems Farms responds that the Pristine label expressly notes that Pristine may be used on blueberries. Willems Farms points to the Pristine warranty that Pristine conforms "to the chemical description on the label and is reasonably fit for the purposes referred to in the directions for use." According to Willems Farms, its breach of written warranty claim adequately alleges that BASF warranted that Pristine was "safe to use on blueberry bushes" and breached the warranty "as the product was not safe to use on blueberries and worked as a growth regulator" to damage plants and decrease production.

Under California Commercial Code section 2313(1), a seller creates an express warranty by:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the

---

[1] As to Willems Farms' claim that BASF indicated that Pristine had been tested in the San Joaquin Valley, BASF notes Pristine's label includes no representation about California testing. BASF notes that the Pristine label warns that "[l]ocal conditions can also influence crop tolerance and may not match those under which BASF has conducted testing."

goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"[T]o plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986); *see Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 268 P.2d 1041 (1954); Cal.Com.Code, § 2313.

There is no question that BASF made an express warranty and that Willems Farms pleads breach of written warranty. The issue is the scope of BASF's warranty and the extent to which it has been disclaimed.

BASF notes that under California law, "warranty disclaimers in the sale of agricultural products disclaiming liability for productiveness or quality of a crop preclude the seller's liability under breach of warranty claims." BASF relies on *Buckley v. Shell Chemical Co.*, 32 Cal.App.2d 209, 89 P.2d 453 (1939), where plaintiffs pursued breach of warranty claims that application of a fertilizer resulted in a lesser quantity and quality potato crop. Since the sales order contained a disclaimer for crop productiveness and quality, "this disclaimer of warranties in writing must be controlling here and defendants cannot be held liable because of poor quality of the crop." *Buckley*, 32 Cal.App.2d at 214, 89 P.2d 453; *see Mosesian v. Bagdasarian*, 260 Cal.App.2d 361, 365-366, 67 Cal.Rptr. 369 (1968) (express disclaimer of warranty appearing on labels of drums containing liquid insecticide was sufficient notice that defendant did not warrant or guarantee quality, use, control or results to be expected from product).

Willems Farms rely on *Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 692-693, 268 P.2d 1041 (1954), which addressed application of the implied warranty for fitness of purpose under former California Civil Code section 1735. Willems Farms fail to explain the relevance of *Burr* to BASF's contentions and Willems Farms' points regarding disclaimer construction in that Willems Farms does not allege a breach of implied warranty claim.

Willems Farms appears to create an issue not subject to BASF's motion. Willems Farms note that the Pristine label charges the buyer with assumption of risk of "such factors as weather conditions,

5

presence of other materials, or use of the product in a manner inconsistent with it labeling." Willems Farms' claim that such language should be disregarded as a "unilateral non-warranty" is unavailing.

In sum, BASF made a limited warranty that Pristine will conform to their respective labels' chemical description and are reasonably fit for the purposes referred to in Directions for Use. BASF did not make warranties as to crop yield, size or quality. BASF specifically disclaimed or excluded such warranties. As such, the Pristine warranty bars Willems Farms' breach of written warranty claim as currently plead. Subject to F.R.Civ.P. 11(b), Willems Farms may file an amended complaint to allege a breach of the limited warranty in the Pristine label. Alternatively, Willems Farms may drop its breach of written warranty claim.

## Excluded Damages

BASF argues that Pristine's warranty "expressly" disclaimed consequential damages sought by Willems Farms' breach of written warranty claim. BASF points to warranty language that it disclaims "ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT." (Uppercase in original.) California Commercial Code section 2715(2)(b) defines consequential damages to include "[i]njury to person or property proximately resulting from any breach of warranty."

Without meaningful explanation or persuasive comment, Willems Farms appears to ask this Court to apply the unconscionability doctrine to the consequential damages disclaimer. California Commercial Code section 2719(3) provides: "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." Willems Farms' complaint does not allege unconscionability among the parties.

The breach of written warranty cause of action seeks damages arising from inadequate crops, lack of blueberry packing and storage, and market and future production losses. BASF characterizes such damages as "lost profits" and in turn consequential damages excluded by the warranty. BASF argues that the absence of recoverable damages further supports dismissal of the breach of written warranty claim.

BASF is correct that the breach of written warranty claim, as currently pled, seeks consequential damages which have been expressly disclaimed by the Pristine warranty. Willems Farms fails to justify

that the consequential damages disclaimers are unconscionable. Subject to F.R.Civ.P. 11(b), Willems Farms may amend its complaint to seek proper damages recoverable under the Pristine warranty. Alternatively, Willems Farms may drop its breach of written warranty claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend the (fourth) breach of written warranty cause of action;
2. ORDERS Willems Farms, no later than July 21, 2008 to: (1) file and serve a first amended complaint to allege a breach of written warranty claim and appropriate damages subject to the scope and limitations of the Pristine warranty; or (2) file and serve notice that Willems Farms drops its breach of written warranty claim; and
3. ORDERS BASF, no later than 10 court days after Willems Farms files its first amended complaint or notice, to file and serve a responsive pleading to the first amended complaint or an answer to Willems Farms' original complaint.

IT IS SO ORDERED.

**Dated:   June 30, 2008**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE