**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLEMS FARMS, INC.,<br><br>             Plaintiff,<br><br>     vs.<br><br>BASF CORPORATION,<br><br>             Defendant.<br>_____/ | CASE NO. CV F 08-0616 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED BREACH OF WARRANTY CLAIM**<br>(Doc. 24.) |

**INTRODUCTION**

Defendant BASF Corporation ("BASF") seeks to dismiss plaintiff Willems Farms, Inc.'s ("plaintiff's) amended claim that BASF breached its written warranty for its fungicide which allegedly damaged plaintiff's blueberry crop and destroyed plaintiff's blueberry bushes. Plaintiff contends that its amended breach of written warranty claim is viable in that it alleges that the fungicide's label affirmed that the fungicide was safe to use on blueberry plants. This Court considered BASF's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the September 9, 2008 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES with prejudice plaintiff's breach of written warranty claim.

## BACKGROUND

### BASF's Warranty Disclaimer

BASF manufactures and distributes agricultural fungicides, including Pristine, which controls fungus on blueberries. Plaintiff is a Fresno County farming operations. In March 2007, plaintiff applied Pristine to its blueberry fields and claims damage and destruction to its blueberry bushes and production loss.

The Pristine label includes specific restrictions, limitations and recommendations for its application to specific crops, including blueberries. The Pristine label includes a "Conditions of Sale and Warranty" section which provides in pertinent part:

> Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller. All such risks shall be assumed by the Buyer.
>
> BASF warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the **Directions for Use**, subject to the inherent risks, referred to above. BASF MAKES NO OTHER EXPRESS OR IMPLIED WARRANTY OF FITNESS OR MERCHANTABILITY OR ANY OTHER EXPRESS OR IMPLIED WARRANTY. TO THE EXTENT PERMITTED BY LAW, BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT. (Bold and uppercase in original.)

### Plaintiff's Amended Breach Of Written Warranty Claim

This Court's June 30, 2008 order dismissed, with leave to amend, plaintiff's original breach of written warranty claim on grounds that Pristine's limited warranty did not cover plaintiff's alleged crop injury and that the warrany disclaimed consequential damages sought by the claim. Plaintiff proceeds on its first amended complaint ("FAC") to allege that Pristine was "defective and unsafe for its intended purposes in that it caused damage to the blueberry fields and prevented them from properly pollinating, and caused defective growth in the blueberries, thereby decreasing size of each fruit, and the quantity of production." BASF challenges the complaint's (fourth) breach of written warranty cause of action that BASF breached the written warranty of Pristine's label that "the product conformed to its label's chemical description, and was reasonably fit for the purposes referred to in the Directions for Use" to result in "damage and destruction to the blueberry bushes." The cause of action further alleges:

> The plaintiff relied upon these representations that the field use and tests had been

> performed on blueberry bushes when they [sic] purchased and applied the product . . . . [D]efendant mis-represented that field tests were performed on blueberry bushes, and sold the product without performing tests, or adequate tests on blueberries. Thereby, fostering unsafe use of the defendant's products, which is oppressive and unconscionable behavior and in disregard of the legal rights and property rights of the plaintiff, and as such pursuant to California Commercial Code section 2719(3) the plaintiff's damages should include all consequential damages.

The cause of action claims damages in excess of $4 million "to replace the damaged and destroyed blueberry bushes."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

BASF seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiff's (fourth) breach of written warranty cause of action. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

1  *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a
2  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
3  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
4  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127
5  S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

6  In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint.
7  *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).  Nonetheless, a court
8  may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2 A court
9  may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no
10 party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP,*
11 *Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).
12 As such, this Court may consider the Pristine label attached to plaintiff's complaint.

### Scope Of Pristine's Warranty

14 BASF contends that the (fourth) breach of written warranty cause of action alleges a breach, and
15 seeks damages, beyond the scope of Pristine's warranty which is limited to conformance with the
16 chemical descriptions on its label and effectiveness to control fungus.  BASF contests plaintiff's
17 allegation that the Pristine label warranted that Pristine is safe for blueberries.  BASF argues that the
18 label did not warrant against crop injury and emphasizes that the Pristine label warns:

> However, it is impossible to eliminate all risks inherently associated with use of this product.  Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or use of the product in a manner inconsistent with its labeling, all of which are beyond the control of BASF CORPORATION ("BASF") or the Seller.  All such risks shall be assumed by the Buyer.

23 BASF notes that the cause of action fails to allege that Pristine did not conform to its label's chemical
24 description, was ineffective to prevent fungus or was unsafe for blueberries.

25 Under California Commercial Code section 2313(1), a seller creates an express warranty by:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates

an express warranty that the goods shall conform to the description.

"[T]o plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986); *see Burr v. Sherwin Williams Co.,* 42 Cal.2d 682, 268 P.2d 1041 (1954); Cal.Com.Code, § 2313.

There is no question that BASF made an express warranty and that plaintiff pleads breach of warranty. The issue is the scope of BASF's warranty and the extent to which it has been disclaimed.

BASF relies on *Buckley v. Shell Chemical Co.*, 32 Cal.App.2d 209, 89 P.2d 453 (1939), where plaintiffs pursued breach of warranty claims that application of a fertilizer resulted in a lesser quantity and quality potato crop. Since the sales order contained a disclaimer for crop productiveness and quality, "this disclaimer of warranties in writing must be controlling here and defendants cannot be held liable because of poor quality of the crop." *Buckley*, 32 Cal.App.2d at 214, 89 P.2d 453; *see Mosesian v. Bagdasarian*, 260 Cal.App.2d 361, 365-366, 67 Cal.Rptr. 369 (1968) (express disclaimer of warranty appearing on labels of drums containing liquid insecticide was sufficient notice that defendant did not warrant or guarantee quality, use, control or results to be expected from product).

BASF correctly notes that the (fourth) breach of written warranty cause of action does not allege that Pristine is unsafe or is not to be used on blueberries and that the cause of action's essence is that plaintiff's blueberry bushes were injured after use of Pristine. Plaintiff claims that the Pristine label provided an affirmation that the product was safe to use on blueberries.

BASF made a limited warranty that Pristine will conform to its label's chemical description and is reasonably fit for the purposes referred to in Directions for Use. BASF did not warrant against crop injury or guarantee successful crops. Plaintiff's newfound allegations of blueberry bush destruction are unavailing. Plaintiff wrongly attempts to ignore the labels' limitations and to expand the labels to warrant no crop damage. BASF is not subject to upholding a warranty it did not make.

**Consequential Damages**

BASF notes that the (fourth) breach of written warranty cause of action seeks consequential damages for damage and destruction of plaintiff's blueberry bushes caused by Pristine. California Commercial Code section 2715(2)(b) defines consequential damages to include "[i]njury to person or

5

property proximately resulting from any breach of warranty." BASF argues that plaintiff's alleged damages fit "squarely within the definition of consequential damages under the Commercial Code" and that the Pristine label expressly disclaims liability for such consequential damages. As a reminder, the Pristine label states that "BASF AND THE SELLER DISCLAIM ANY LIABILITY FOR CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES RESULTING FROM THE USE OR HANDLING OF THIS PRODUCT." (Uppercase in original.)

To attempt to invalidate the disclaimer, the (fourth) breach of written warranty cause of action references BASF's testing conduct as "unconscionable." California Commercial Code section 2719(3) provides:

> Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. . . . Limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable.

BASF identifies the "critical issue" as whether the disclaimer on the Pristine label is unconscionable, not BASF's conduct to test Pristine – an irrelevant issue. BASF points to the absence of "facts that would support any claim that the consequential damages disclaimer is unconscionable." BASF argues that as a buyer in a commercial transaction, plaintiff bears the burden to show that the Pristine disclaimer is unconscionable.

Plaintiff relies on the following from the Pristine label: "The Directions of Use of this product reflect the opinion of experts based on field use and tests." Plaintiff contends that BASF misrepresented that field tests were performed on blueberry bushes,[1] sold Pristine without adequate tests on blueberries, and fostered unsafe use of Pristine to constitute "oppressive and unconscionable behavior." Plaintiff continues that the misrepresentations "unreasonably shifted the risk of damages based on false information" to avoid limitation on consequential damages.

"[U]nconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.,* 200 Cal.App.3d 1518, 1534, 246 Cal.Rptr. 823 (1988). "Under Cal.Com.Code § 2719(3), the burden of demonstrating unconscionability

---

[1] BASF notes that the Pristine label does not indicate that specific testing had been done.

6

of a provision limiting remedies lies with the Plaintiff. Mere inconspicuousness is not sufficient to establish unconscionability under § 2719(3)." *AMF Inc. v. Computer Animation, Inc.*, 573 F.Supp. 924, 930, (S.D. Ohio 1983) (in applying California law, the court found that plaintiff "has not proffered the sort of facts which might demonstrate that it lacked a 'meaningful choice'").

Unconscionability has substantive and procedural elements. *See American Software, Inc. v. Ali*, 46 Cal.App.4th 1386, 1391, 54 Cal.Rptr.2d 477 (1996). "Substantive unconscionability focuses on the actual terms for the agreement, while procedural unconscionability focuses on the manner in which the contract was negotiated and the circumstances of the parties." *American Software*, 46 Cal.App.4th at 1391, 54 Cal.Rptr.2d 477. The general requirement is "a showing of both substantive and procedural unconscionability at the time the contract is made." *American Software*, 46 Cal.App.4th at 1391, 54 Cal.Rptr.2d 477.

Indication of procedural unconscionability includes "oppression, arising from inequality of bargaining power and the absence of real negotiation or a meaningful choice" and "surprise, resulting from hiding the disputed term in a prolix document." *Vance v. Villa Park Mobilehome Estates*, 36 Cal. App.4th 698, 709, 42 Cal.Rptr.2d 723 (1995). Substantive unconscionability arises from contract terms so one-sided as to *"shock the conscience." California Grocers Assn. v. Bank of America*, 22 Cal.App.4th 205, 214, 27 Cal.Rptr.2d 396 (1994) (italics in original). The California Court of Appeal has explained further:

> With a concept as nebulous as "unconscionability" it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable. The terms must shock the conscience.
>
> The critical juncture for determining whether a contract is unconscionable is the moment when it is entered into by both parties-not whether it is unconscionable in light of subsequent events. (Civ. Code, § 1670.5.) Unconscionability is ultimately a question of law for the court.

*American Software*, 46 Cal.App.4th at 1392, 54 Cal.Rptr.2d 477.

Plaintiff confuses the unconscionability issue. The (fourth) breach of written warranty cause of action claims that BASF's testing and related representations fostered "unsafe use of defendant's products, which is oppressive and unconscionable." Such claim is irrelevant to absence of plaintiff's meaningful choice to unreasonably favor BASF. Plaintiff paints itself as an unequal bargainer "restricted

to the terms of the warranty." Plaintiff fails to distinguish this from any other commercial or agricultural transaction. Commercial entities, like plaintiff and BASF, "are entitled to contract to limit the liability of one to the other, or otherwise allocate the risk of doing business." *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal.App.3d 234, 237, 234 Cal.Rptr. 423 (1987). Plaintiff was not forced to use Pristine and as an agriculture professional was free to purchase and use other fungicides. The cause of action fails to allege pertinent and sufficient facts to overcome the Pristine disclaimer. This Court agrees with BASF's contention that there are no additional facts that plaintiff could allege that would make its breach of warranty claim actionable.

In sum, the Pristine label sufficiently disclaims the consequential damages sought by the (fourth) breach of warranty cause of action. In the absence of pertinent allegations of unconscionability, the cause of action fails, and an attempt at further amendment would be futile. "Although there is a general rule that parties are allowed to amended their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . ., or where the amended complaint would also be subject to dismissal . . ." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted).

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES with prejudice the FAC's (fourth) cause of action for breach of written warranty.

IT IS SO ORDERED.

Dated:     September 3, 2008                         /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE